DLD-081                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1027
_____

IN RE: BENJAMIN S. RICH, a/k/a Samuel Guillaume, a/k/a Q, a/k/a Ryan,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:21-cr-00503-001)

_____

Submitted Pursuant to Fed. R. App. P. 21
February 12, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: March 11, 2026)

_____

OPINION[*]
_____

PER CURIAM

In January 2026, pro se petitioner Benjamin Rich filed a petition for a writ of

mandamus, requesting that this Court compel the District Court to rule on Rich's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

September 2025 motion seeking enforcement of an order from July 2025. By order entered on February 5, 2026, the District Court dismissed Rich's motion.

In light of the District Court's ruling on Rich's motion, this mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").